**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

PHILLIP T. PETTY,                             )
                                              )
    Plaintiff,                            )
                                              )
       v.                               )     **Case No. 14-cv-01883 (APM)**
                                              )
NANCY A. BERRYHILL,[1] Acting                 )
Commissioner of Social Security,              )
                                              )
    Defendant.                            )
_____               )

## MEMORANDUM OPINION AND ORDER

    This matter comes before the court on Plaintiff Phillip T. Petty's "Motion for Attorney Fees Under the Equal Access to Justice Act." _See_ Pl.'s Mot. for Att'y Fees, ECF No. 24 [hereinafter Pl.'s Mot.]. Plaintiff seeks an award of attorney's fees in the amount of $8,706.76 following his successful appeal from the denial of disability benefits by the Social Security Administration.[2] _See id._ at 1. For the reasons that follow, Plaintiff's Motion is granted.[3]

I.

    The Equal Access to Justice Act, 28 U.S.C. § 2412, permits a plaintiff "to obtain expenses in litigation against the federal government" in certain circumstances. _See Select Milk Producers, Inc. v. Johanns_, 400 F.3d 939, 941 (D.C. Cir. 2005). The court need not go through each of the

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the court substitutes the current Acting Commissioner of Social Security as the defendant in this case.

[2] As this Memorandum Opinion and Order resolves only the parties' outstanding dispute over attorney's fees, the court does not provide a summary of the underlying proceedings. A full discussion of the parties' dispute on the merits is available at _Petty v. Colvin_, 204 F. Supp. 3d 196 (D.D.C. 2016).

[3] The court sincerely apologizes to the parties for the inordinate length of time it has taken to address this motion. A failure in the court's internal reporting processes caused the delay.

four elements a plaintiff must satisfy to secure a fee award, for only one is contested here. *See Comm'r, INS v. Jean*, 496 U.S. 154, 158 (1990) (listing elements). The parties dispute whether "the position of the United States" in denying Plaintiff disability benefits was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Only if the government's position was *not* substantially justified is Plaintiff entitled to collect attorney's fees. *See id.* The government bears the burden of establishing that its legal position satisfies the statutory standard. *See Taucher v. Brown-Hruska*, 396 F.3d 1168, 1173 (D.C. Cir. 2005).

In this context, "substantially justified" means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). The government does not need to establish that it was correct to prevail. *Id.* at 566 n.2. Rather, it is enough that "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* In making the reasonableness determination, the court must do more than "repeat the analysis of the merits decision, and add adjectives." *Taucher*, 396 F.3d at 1175. Instead, the court must "analyze *why* the government's position failed in court." *Id.* at 1174.

## II.

### A.

In arguing that its position was substantially justified, Defendant Commissioner of Social Security focuses its attention solely on the agency's actions *in this case*, in which it sought to defend the determination that Plaintiff was not "disabled" and therefore did not qualify for benefits. *See* Def.'s Opp'n to Pl.'s Mot., ECF No. 25 [hereinafter Def.'s Opp'n], at 4–10. That focus is too narrow. "The government . . . must demonstrate the reasonableness not only of its litigation position, but also of the *agency's* actions." *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 967

(D.C. Cir. 2004) (citations omitted). Here, the court finds that the agency's actions during the administrative process were not substantially justified.

The agency's error during the administrative proceedings concerned the failure to sufficiently account for Plaintiff's documented mental health issues. *See* R. & R., ECF No. 21, at 13–18; Mem. Op., ECF No. 22; Order, ECF No. 23. That deficiency manifested itself in three ways. First, the Administrative Law Judge ("ALJ") that heard Plaintiff's case recognized that Plaintiff suffered from "moderate" mental limitations,[4] yet failed to pose hypothetical questions to the testifying vocational expert that expressly took those impairments into account. *See* Administrative R., ECF No. 14-2 [hereinafter AR], at 79–86 (asking only whether work was available to someone who is limited to "simple, routine, and repetitive task[s] [at the] unskilled level"); *see also* AR 30–31. Second, the ALJ did not factor Plaintiff's mental limitations into the residual functional capacity determination, an error acknowledged on review by the agency's Appeals Council. AR 11 ("[T]he claimant's residual functional capacity does not include corresponding mental limitations."). And, third, to remedy the ALJ's omission, the Appeals Council did no more than modify Plaintiff's residual functional capacity assessment to limit his work to "simple, routine, repetitive and unskilled tasks with only superficial contact with others." *Id.* It did not remand the matter to the ALJ to reopen the hearing so that she could pose hypothetical questions to the vocational expert that incorporated Plaintiff's mental health impairments, or alternatively to explain why the hypotheticals that she did pose sufficiently accounted for Plaintiff's limitations. AR 8–12. As a result, in reaching its "not disabled" determination, the agency never expressly addressed—either in the ALJ's decision or the Appeals Council's

---

[4] *See* Administrative R., ECF No. 14-2, at 24 (finding "***moderate*** difficulties" with regard to Plaintiff's "concentration, persistence or pace"); *id.* at 27 (finding that Plaintiff exhibited "*moderate*" symptoms of depression).

review—the impact of Plaintiff's mental health conditions on his ability to perform work in the national economy.

None of these three errors was substantially justified. Magistrate Judge Kay's Report and Recommendation in this case, adopted without objection by this court, *see* Mem. Op.; Order, explains why. *See* R. & R. Judge Kay framed the contested question this way: "The issue thus comes down to whether the hypothetical limiting [of] a claimant's work to simple, routine, repetitive and unskilled tasks adequately accounted for a claimant's moderate limitations in concentration, persistence, or pace," i.e., his mental health limitations. *Id.* at 14. The answer: "The vast majority of Circuit Courts faced with this issue have held that such a hypothetical is insufficient," though the D.C. Circuit has not faced the question. *Id.* For support, Judge Kay cited a raft of circuit authority that *pre-dates* both the ALJ's decision (November 12, 2012) and the Appeals Council's ruling (April 15, 2014). *Id.* at 15 n.3 (citing pre-April 15, 2014 cases from the Third, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits). In view of the uniformity among these authorities, it was incumbent upon the ALJ either to pose hypotheticals that reflected Plaintiff's mental health limitations or, as discussed below, explain why the hypotheticals actually posed were sufficient. The ALJ did neither. And the Appeals Council did not properly remedy the ALJ's error.

B.

In its brief on the merits before this court, the Commissioner did not challenge the overwhelming weight of the circuit authorities; nor does it do so now in opposing Plaintiff's fees motion. *See* Def.'s Mem. in Supp. of Mot. for J. of Affirmance & in Opp'n to Pl.'s Mot. for J. of Reversal, ECF No. 19 [hereinafter Def.'s Mem.], at 8–12; Def.'s Opp'n at 4–6. Instead, the Commissioner urged a "case-by-case" approach, arguing that the circuit authorities do not supply

a categorical rule that in all instances a hypothetical predicated on simple, routine work is inadequate to account for limitations in concentration, persistence, or pace. Def.'s Mem. at 9. For that proposition, the Commissioner cited primarily to the Eleventh Circuit's decision in *Winschel v. Comm'r of Social Security*, 631 F.3d 1176 (11th Cir. 2011). There, the court held that "when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." Def.'s Mem. at 9 (emphasis omitted) (quoting *Winschel*, 631 F.3d at 1180); *see also* Def.'s Opp'n at 5–6 (citing cases from the Third Circuit for the principle that "a limitation to simple, routine, repetitive unskilled work in the [residual functional capacity] assessment may in fact sufficiently account for a moderate limitation in concentration, persistence, or pace without further articulation"). Applying that principle here, the Commissioner urged the court to find that the ALJ's failure to expressly pose a hypothetical concerning Plaintiff's mental health limitations was harmless. Def.'s Mem. at 12–13. According to the Commissioner, "there is no credible evidence that Plaintiff would have restrictions in concentration, persistence, or pace beyond those accounted for in the [residual functional capacity] assessment." *Id.* at 12.

The case-by-case approach advocated by the Commissioner in this litigation does not, however, establish that the *agency's* actions were substantially justified. That is because the agency did not make a finding that Plaintiff's moderate limitation in concentration, persistence, or pace would not adversely affect his residual functional capacity or his ability to work. *See Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015) (remanding for the purpose of making such a finding). Although recognizing Plaintiff's moderate mental limitations, the ALJ did not incorporate those considerations into her final residual functional capacity assessment or her determination of

available work for Plaintiff.  AR 27–31.  The Appeals Council, for its part, acknowledged the ALJ's error in not including a limitation relating to "simple, routine, repetitive and unskilled tasks," and it amended the residual functional capacity assessment accordingly.  AR 11.  But the Council did not make the harmlessness finding that the Commissioner now advocates.  It did not determine that the ALJ's twin errors—the insufficient hypotheticals and the deficient residual functional capacity assessment—were harmless because medical evidence showed Plaintiff still capable of performing the work identified by the vocational expert.  Instead, the Appeals Council simply amended the residual functional capacity assessment without considering what impact, if any, that modification would have on the ultimate disability determination.  Indeed, it remains unclear whether Plaintiff's moderate mental impairments, in combination with other physical limitations, would qualify him as disabled.  The Commissioner cannot now backfill a justification for the agency's action that the agency itself did not rely upon to avoid the payment of attorney's fees.  *Cf. Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983) (stating that "courts may not accept appellate counsel's post hoc rationalizations for agency action"); *SEC v. Chenery Corp.*, 318 U.S. 80, 94 (1947) (stating that "the orderly functioning of the process of review requires that the grounds upon which the administrative agency acted b[e] clearly disclosed and adequately sustained.").

In short, the record makes clear that the agency's denial of benefits was flawed because the agency failed to adequately account for Plaintiff's moderate mental limitations.  That omission, committed by both the ALJ and the Appeals Council, was not substantially justified.

## III.

Because the court finds that the agency's actions were not substantially justified, it need not evaluate the reasonableness of the Commissioner's legal position in this case.

## IV.

For the foregoing reasons, the court grants Plaintiff's Motion for Attorney's Fees.  No later than October 19, 2018, the Commissioner shall determine and report to the court whether Plaintiff owes a debt to the government that must be offset against the attorney's fee award

Dated:  October 5, 2018

Amit P. Mehta
United States District Judge